BERMAN HEYMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32275. Promulgated June 30, 1930.

*Bruce A. Low, Esq.*, for the respondent.

OPINION.

MARQUETTE: The petitioner takes the position that assessment and collection of the additional tax asserted against him by the respondent are barred by the statute of limitations. In the light of the facts disclosed by the record, his position is not tenable. The return was filed on March 13, 1923. The four-year period for assessment provided by section 250 (d) of the Revenue Act of 1921, section 277 (a) (1) of the Revenue Act of 1921, and section 277 (a) (2) of the Revenue Act of 1926, expired March 13, 1927, but before that date the petitioner and the respondent executed a written agreement extending the period for assessment until December 31, 1927, except "if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and * * * if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board." The deficiency letter was mailed within the period as extended by the written agreement and from that deficiency letter the present appeal was filed with this Board. Assessment and collection are, therefore, not barred.

The petitioner also alleges in his petition that the respondent erred in disallowing a deduction of $15,891.22, representing a loss sustained in 1922 on the sale of a mine. The material allegations

respecting this loss are denied by the respondent in his answer and no evidence has been introduced with respect to the issue thus raised. The respondent's action must, therefore, be sustained.

*Judgment will be entered for the respondent.*

